# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1882.

THE STATE OF FLORIDA EX REL. LOUDERBACK GILBERT & Co., vs. THE COUNTY COMMISSIONERS OF JACKSON COUNTY, RESPONDENTS.

A judgment agaifist a county, recovered upon county warrants, establishes the liability of the county, and that the indebtedness was created for county purposes. It is, therefore, the duty of the County Commissioners to provide for the payment of the judgment by levying a tax upon the taxable property in the county ; and it appearing by the return of the County Commissioners to an alternative writ of mandamus, that they are authorized to raise by tax for county purposes a sum sufficient to pay the judgment, a peremptory writ is awarded directing them to do so.

This is a case of original jurisdiction in the Supreme Court. The facts of the case are sufficiently stated in the opinion.

*Geo. P. Raney* for the Relators.

THE CHIEF-JUSTICE delivered the opinion of the court.

The answer or return of the County Commissioners admits the several facts charged in the alternative writ, to-wit: that relators recovered judgment against the county in May, 1881, for $2,619.26 and costs ; that execution has

2

18 SUPREME COURT.

The State ex rel. v. Co. Com'rs Jackson Co.—Opinion of Court.

been issued on the judgment and returned unsatisfied : that the county has no property subject to levy and sale, and the judgment remains unpaid ; that the County Commissioners have refused to pay or provide for the payment of the same by levying a tax for that purpose on the taxable property of the county. They further say they have no power to levy any taxes except in pursuance of law, that they are empowered by the act of 1881 to levy taxes for county purposes, viz : for "county tax proper," four mills on the dollar ; for bridges and county buildings, two mills, and a tax to pay interest on the county indebtedness. They deny that they have power to levy taxes to pay judgments against the county. They further say "that the judgment of the relators is founded upon county auditors' warrants, jurors' and witnesses' certificates issued before the passage of the act of 1881, and that all other acts empowering a levy of taxes for county purposes that could be paid in county certificates have been repealed."

To this return relators demur " that said answer does not state any fact or facts which in law constitute a defence."

Treating the return as an " answer," the demurrer must be sustained.

Treating it as a return simply, it is a confession of the relators' complaint, and fails to show that the County Commissioners have not full power to levy taxes to pay the judgment. They have power to provide by taxation for paying all legitimate charges and liabilities against the county. This judgment was recovered upon warrants and certificates issued by the County Auditor and Clerk, and the judgment establishes their validity, as having been issued for county purposes. The law authorizes the Commissioners to levy to the extent of four mills on the dollar of valuation of real and personal property in the county for such purposes, besides two mills for bridges and county

buildings, and another amount to pay interest on indebtedness. If a tax of four mills on the dollar of valuation of the entire taxable property of Jackson county will raise the amount of the principal of this judgment, which is not denied, I see no result but that a peremptory writ must be issued as prayed.

The relators' demurrer is sustained and a peremptory writ of mandamus awarded.